UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROLYN E. JONES,
    Plaintiff

v.

WILLIAM A. MASON, CHIEF
OF POLICE, HARWICH POLICE
DEPARTMENT, and the TOWN
OF HARWICH,
    Defendants

Civil Action No.
04-10133-MEL

## DEFENDANTS' ANSWER TO THE PLAINTIFF'S COMPLAINT

Pursuant to Fed.R.Civ.P. 8 and 12 the defendants, Town of Harwich and William A. Mason, Chief of the Harwich Police Department, respond, paragraph by paragraph, to the allegations in the plaintiff's complaint.

### PARTIES

1.)  Upon information and belief, the defendants admit the allegations of fact contained in paragraph one.

2.)  The defendants admit the allegations of fact contained in the first sentence of paragraph two. The second sentence of paragraph two contains conclusions of law to which no response is necessary.

3.)   The defendants admit that the plaintiff has
      been employed by the Town of Harwich. Otherwise
      the defendants deny the allegations of fact
      contained in paragraph three.

                    FACTUAL ALLEGATIONS

4.)   The defendants admit the allegations of fact
      contained in paragraph four.

5.)   The defendants are without knowledge or
      information sufficient to form a belief as to
      the truth of the averments in the first
      sentence of paragraph five and, on that basis,
      deny the same. The defendants admit that the
      plaintiff attended a police academy for
      training as a special police officer, but deny
      that the plaintiff ever applied for a position
      as a full-time Harwich police officer as
      alleged in the second sentence of paragraph
      five.

6.)   The defendants are without knowledge or
      information sufficient to form a belief as to
      the truth of the averments in paragraph six
      and, on that basis, deny the same.

7.)   The defendants admit the allegations of fact
      contained in the first three sentences of

                           2

paragraph seven. The defendants deny the allegations of fact contained in the final sentence of paragraph seven.

8.)  The defendants deny the allegations of fact contained in paragraph eight.

9.)  The defendants admit that Ms. Jones resigned her position as a dispatcher in or around January 2001. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments otherwise contained in the first sentence of paragraph nine and, on that basis, deny the same. The defendants admit that Ms. Jones maintained her position as a special police officer after she had left the full-time employ of the town. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments otherwise contained in the second sentence of paragraph nine and, on that basis, deny the same. The defendants admit that the plaintiff worked as an assistant animal control officer during the summers of 2001 and 2002. Otherwise the defendants deny the allegations of fact

3

contained in the third sentence of paragraph nine.

10.) The defendants deny that Lt. Gagnon asked the plaintiff to return to the Harwich Police Department as a full-time dispatcher as alleged in the first sentence of paragraph ten. The defendants further answer that the plaintiff approached lieutenants Gagnon and Mitchell and expressed her interest in being rehired as a full-time dispatcher. The defendants deny the allegations of fact contained in the second and third sentences of paragraph ten, but admit that the plaintiff did return as a regular full-time dispatcher on December 1, 2002.

11.) The defendants admit the allegations of fact in paragraph eleven.

12.) The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph twelve and, on that basis, deny the same.

13.) The defendants admit that, in order to maintain her status as a special police officer, the plaintiff was required to participate in firearms qualification at the firing range on

4

or about April 15, 2003, further answering that
such participation was not required for the
plaintiff's position as a full-time dispatcher.
The defendants deny that the plaintiff was
ordered to participate in firearms training and
further answer that such training was voluntary
on the plaintiff's part, as was her choosing to
be a special police officer. The defendants
admit that the plaintiff was considered to be
"on-duty" as a special police officer while at
firearms training although she was not paid for
this time. Otherwise the defendants deny the
allegations of fact contained paragraph
thirteen.

14.) The defendants are without knowledge or
information sufficient to form a belief as to
the truth of the averments in the first
sentence of paragraph fourteen and, on that
basis, deny the same. The defendants admit that
the plaintiff did not report promptly that she
had been injured at the firing range on April
15, 2003. Otherwise the defendants deny the
allegations of fact contained in paragraph
fourteen.

15.) The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph fifteen and, on that basis, deny the same.

16.) The defendants admit the allegations of fact contained in the first sentence of paragraph sixteen. The defendants deny the allegations of fact contained in the second sentence of paragraph sixteen. The defendants admit that the plaintiff filed a report of injury with Lt. Mitchell on April 23, 2003. Otherwise the defendants deny the allegations of fact contained in the third sentence of paragraph sixteen.

17.) The defendants admit that the plaintiff was directed to see Dr. Scott Miner, further answering that Dr. Miner's determination, as set out in Exhibit A to the complaint, speaks for itself and need be neither admitted nor denied. To the extent any further answer is deemed necessary, the defendants deny the allegations of fact contained in paragraph seventeen.

18.) Paragraph eighteen consists of conclusions of law to which no response is required. To the extent any answer is deemed necessary, the defendants deny the allegations of fact contained in paragraph eighteen.

19.) Paragraph nineteen contains conclusions of law to which no response is required. To the extent any answer is deemed necessary, the defendants deny the allegations of fact contained in paragraph nineteen.

20.) The defendants admit the allegations of fact contained in paragraph twenty.

21.) The defendants admit Chief Mason denied the plaintiff's benefits pursuant to M.G.L. c.41, § 111F, further answering that the reasons expressed in plaintiff's Exhibit B speak for themselves and need be neither admitted nor denied. To the extent any further answer is deemed necessary, the defendants deny the allegations of fact contained in paragraph twenty-one.

22.) The defendants answer that the provisions of the collective bargaining agreement, cited by Chief Mason, speak for themselves and need be

7

neither admitted nor denied. To the extent any further answer is deemed necessary, the defendants deny the allegations of fact contained in paragraph twenty-two.

23.) The defendants admit the allegations of fact contained in the first sentence of paragraph twenty-three. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph twenty-three and, on that basis, deny the same.

24.) The defendants admit the allegations of fact contained in the first sentence of paragraph twenty-four and further answer that temporary modified work under the collective bargaining agreement is at the Police Chief's sole discretion. Defendants admit the allegations of fact contained in the second sentence of paragraph twenty-four and further answer that with medical restrictions against her typing or writing, modified work as a dispatcher was not possible.

25.) The defendants admit the allegations of fact contained in the first sentence of paragraph

twenty-five. The defendants deny the
allegations of fact contained in the second
sentence of paragraph twenty-five and further
answer that Dr. Minor had referred the
plaintiff to a hand surgeon.

26.) Paragraph twenty-six consists of conclusions of
law to which no response is required. To the
extent any answer is deemed necessary, the
defendants deny the allegations of fact
contained in paragraph twenty-six.

27.) The defendants deny the allegations of fact
contained in the first, second, and third
sentences of paragraph twenty-seven and further
answer that, since June 2000, the police
department does not train and qualify special
police officers to drive cruisers. The
defendants are without knowledge or information
sufficient to form a belief as to the truth of
the averments in the fourth sentence of
paragraph twenty-seven and, on that basis, deny
the same.

28.) The defendants admit the allegations of fact
contained in the first two sentences of
paragraph twenty-eight. As to the third

sentence, the defendants admit that the selectmen approved the termination of the plaintiff from the position of dispatcher. Otherwise the defendants deny the allegations of fact contained in the third sentence of paragraph twenty-eight.

29.) The defendants deny the allegations of fact contained in paragraph twenty-nine.

30.) The defendants deny the allegations of fact contained in paragraph thirty.

31.) The defendants deny the allegations of fact contained in paragraph thirty-one.

32.) The defendants deny the allegations of fact contained in paragraph thirty-two.

## FIRST CAUSE OF ACTION

33.) The defendants hereby restate and incorporate their answers to paragraphs one through thirty-two.

34.) Deny.

## SECOND CAUSE OF ACTION

35.) The defendants hereby restate and incorporate their answers to paragraphs one through thirty-four.

36.) Deny.

## THIRD CAUSE OF ACTION

37.) The defendants hereby restate and incorporate their answers to paragraphs one through thirty-six.

38.) Deny

## FOURTH CAUSE OF ACTION

39.) The defendants hereby restate and incorporate their answers to paragraphs one through thirty-eight.

40.) Deny.

## FIFTH CAUSE OF ACTION

41.) The defendants hereby restate and incorporate their answers to paragraphs one through forty-one.

42.) Deny.

As to the numbered "Wherefore" clause, defendants deny any liability, in any form or amount, to plaintiff.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's claims are barred in part or in whole by the doctrines of sovereign immunity, absolute immunity, official immunity and qualified immunity.

11

## SECOND AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was not damaged by any act or omission of any of the defendants; but, if plaintiff has sustained any damage, she has improperly failed to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

The defendants did not intentionally or knowingly deprive plaintiff of any right guaranteed by the constitution or laws of the United States or the Commonwealth of Massachusetts, and any acts or omissions of the defendants were undertaken in good faith and in the performance of their official duties and in the reasonable belief that their acts or omissions were lawful and authorized.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of estoppel, laches, and waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff brings this action with unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims do not satisfy the requirements of Fed.R.Civ.P. 11(b).

### NINTH AFFIRMATIVE DEFENSE

The plaintiff was an at-will employee at all times.

### TENTH AFFIRMATIVE DEFENSE

The defendants had legitimate non-discriminatory reasons for all employment actions relating to the plaintiff.

Respectfully submitted,
The Town and Harwich and
William A. Mason, Chief of
the Harwich Police
Department,
By their attorneys,

Michael C. Gilman,
BBO# 192820
Eugene J. Sullivan III,
BBO# 656497
GILMAN/HOLTZ, P.C.
25 New Chardon Street
Boston, MA 02114
(617) 720-2663

Dated: 27 Jan 04

13

<u>Certificate of Service</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail.

Date: 27 Jan 04

Eugene J. Sullivan III