# Commonwealth of Massachusetts

BARNSTABLE, ss.                                                         SUPERIOR COURT

I, Nancy N. Weir, Assistant Clerk of the Superior Court within and for said County of Barnstable, having, by law, the custody of the seal and all the records, books, documents and papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true copies of the papers appertaining to said Court, and on file and of record in the Office of said Court, relating to the case of CAROLYN E. JONES vs. TOWN OF HARWICH CHIEF OF POLICE et al, case #03-744

In witness whereof, I have hereunto set my hand and the seal of said Court, this twenty-ninth day of January in the year of our Lord two thousand three.

_____ Assistant Clerk

Commonwealth of Massachusetts
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

## BACV2003-00744
## Jones v Harwich Chief of Police et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 12/12/2003 | Status | Disposed: transferred to other court (dtrans) | | |
| Status Date | 01/29/2004 | Session | A - Civil A- Barnstable Superior Court | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 03/11/2004 | Answer | 05/10/2004 | Rule12/19/20 | 05/10/2004 |
| Rule 15 | 05/10/2004 | Discovery | 10/07/2004 | Rule 56 | 11/06/2004 |
| Final PTC | 05/06/2005 | Disposition | 08/06/2005 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Carolyn E Jones
Hyannis, MA 02601
Active 12/12/2003

**Private Counsel 424920**
Brian Jay Rogal
160 Gould Street
Suite 111
Needham, MA 02494
Phone: 781-455-0704
Fax: 781-455-8879
Active 12/12/2003 Notify

**Defendant**
Town of Harwich Chief of Police
Served: 12/18/2003
Served (answr pending) 12/24/2003

**Private Counsel 192820**
Michael C Gilman
Gilman/Holtz PC
25 New Chardon Street
Boston, MA 02214
Phone: 617-720-2663
Fax: 617-720-1574
Active 01/26/2004 Notify

**Defendant**
Town of Harwich
Served: 12/22/2003
Served (answr pending) 12/24/2003

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/12/2003 | | Filing fee $275.00 including $20.00 security fee paid |
| 12/12/2003 | 1.0 | Complaint with jury demand & civil action cover sheet filed |
| 12/12/2003 | | Origin 1, Type B22, Track F. (cc: BR) |
| 12/24/2003 | 2.0 | SERVICE RETURNED: Town of Harwich Chief of Police(Defendant) on 12/18/03 |
| 12/24/2003 | 3.0 | SERVICE RETURNED: Town of Harwich(Defendant) on 12/22/03 |
| 01/26/2004 | 4.0 | NOTICE of removal: defendants, to the United States District Court |
| 01/29/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

# Commonwealth of Massachusetts
## BARNSTABLE SUPERIOR COURT
### Case Summary
### Civil Docket

## BACV2003-00744
### Jones v Harwich Chief of Police et al

| Date | Session | Event | Result |
|---|---|---|---|
| 12/13/2004 | Civil A- Barnstable Superior | Status: Clerk Follow UP anniversary date | Event canceled not re-scheduled |

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 03-744 | Trial Court of Massachusetts Superior Court Department County: Barnstable |
|---|---|---|

PLAINTIFF(S) Carolyn E. Jones

DEFENDANT(S) William A. Mason, Chief of Police, Harwich Police Department; Town of Harwich

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Brian Rogal
Law Offices of Timothy M. Burke
160 Gould St., Ste. 111, Needham, MA 02494
(781) 455-0707
Board of Bar Overseers number: 424920

ATTORNEY (if known)

FILED DEC 12 2003

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.: B22   TYPE OF ACTION (specify): Discrimination   TRACK: (F)   IS THIS A JURY CASE? (X) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ... $..........
  2. Total Doctor expenses ... $..........
  3. Total chiropractic expenses ... $..........
  4. Total physical therapy expenses ... $ 300.00
  5. Total other expenses (describe) ... $..........
  Subtotal $..........
B. Documented lost wages and compensation to date ... $ 17,000.00
C. Documented property damages to date ... $..........
D. Reasonably anticipated future medical and hospital expenses ... $..........
E. Reasonably anticipated lost wages ... per year $ 32,000.00
F. Other documented items of damages (describe)
  $..........

Brief description of plaintiff's injury, including nature and extent of injury (describe)
Discrimination in employment based on gender leading to discharge.

$..........
TOTAL $ 49,300.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 12/8/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

SUPERIOR COURT
BARNSTABLE SS
FILED DEC 1 2 2003
[signature] Clerk

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, SS                SUPERIOR COURT DEPARTMENT
                              CIVIL ACTION NO. 03-744

| | |
|---|---|
| Carolyn E. Jones, | ) |
|     Plaintiff | ) |
| | ) |
| VS | ) |
| | ) |
| William A. Mason, Chief of Police, | ) |
| Harwich Police Department, | ) |
| Town of Harwich, | ) |
|     Defendants | ) |

8682A000012/12/03CIVIL ENTR   240.00
8682A000012/12/03SURCHARGE     15.00
8682A000012/12/03SECC          20.00
8682A000012/12/03SUMMONS       10.00

## COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff Carolyn E. Jones is a resident of the Town of Hyannis, Massachusetts.

2. Defendant William A. Mason is the Chief of Police for the Town of Harwich. He is being sued in his official and individual capacities.

3. Defendant Town of Harwich was the Plaintiff's employer.

### FACTUAL ALLEGATIONS

4. On July 1, 1999 Ms. Jones was hired by the Town of Harwich to be a full time civilian dispatcher for its police department. She was also hired by the Town to be a special police officer.

5. Ms. Jones' career goal is to be a full time police officer. She went to a police academy for special police officers, and has sought a full time position as a police officer in Harwich.

6. Both dispatching and special police officer positions are generally considered helpful to obtaining a position as a full time police officer. Towns commonly hire police officers from the ranks of dispatchers and special police officers because they are familiar with them, had the chance to evaluate them and because those individuals know the town.

7. Harwich currently has a force of approximately 35 police officers. There is only one woman on that force. In recent years there have never been more than two female police officers. When Harwich does hire a female police officer they wind up leaving the department.

8. During the time she was employed as a special police officer Ms. Jones received evaluations which constantly included ratings of excellent and outstanding.

9. In January 2001 Ms. Jones resigned as a dispatcher in order to further her education. She maintained her position as a special police officer, her primary interest. She also worked as the animal control officer for Harwich during the summers.

10. In or about November 2002 Harwich police Lt. Gagnon asked Ms. Jones to come back as a full time dispatcher. She was not interested in that position, but Lt. Gagnon told her that it would be a foot in the door for a full time position. She accepted the dispatch position based upon the representation that it would help her become a full time police officer.

11. Since that time Harwich has hired four male police officers. Several of them have prior experience as full time police officers.

12. Ms. Jones became active in the police union. In that position she was critical of the police chief and the police administration. She also complained about not being hired as a full time officer.

13. On or about April 15, 2003 Plaintiff was ordered and did participate in mandatory firearms qualification at the firing range. Plaintiff was on duty at the time that she qualified at the range.

14. While shooting her firearm at this mandatory training, Plaintiff injured her shooting hand between the thumb and forefinger. Plaintiff did not report the injury at this time.

15. With the use of sick leave and scheduled time off, Plaintiff believed that the injury would resolve itself without missing an extensive amount of time from work.

16. On or about April 23, 2003 Plaintiff was advised that she was being investigated by the Department for abuse of sick leave. Plaintiff had not used sick leave in the twenty-eight months prior to her injury at the range. At this time, Plaintiff reported her injury to Lt. Barry Mitchell of the Harwich Police Department.

17. Plaintiff was instructed to see the town doctor, Dr. Scott Miner who determined that she was physically unfit to work due to her hand injury. Dr. Miner also stated that her injury resulted from firing her weapon. (See attached Exhibit A).

18. At the time of the injury, there was in effect a rule of law that if a police officer was injured while on duty the officer was entitled to full pay during the period of disability.

19. The provisions of M.G.L. c. 41 §111F as amended apply to the Town of Harwich.

20. On or about April 30, 2003, Plaintiff submitted, to Defendant, Chief Mason, her request for job injury benefits pursuant to M.G.L. c. 41 §111F.

21. On or about May 7, 2003, Defendant Chief Mason denied the Plaintiff benefits pursuant to M.G.L. c.41 §111F citing her failure to timely file a written report of the injury as required in the collective bargaining agreement. (See attached Exhibit B)

22. The provisions of the collective bargaining agreement cited by the Defendant Chief Mason does not state that the timely filing of a written report is a precondition to receiving §111F benefits. (See attached Exhibit C)

23. On May 16, 2003 after exhausting her accumulated sick leave the Plaintiff was required to petition to the Sick Bank Board for sick days to carry her through until she was cleared to return to work. Ms. Jones anticipated that would occur the first week of June 2003. (See attached Exhibit D)

24. On or about June 6, 2003, Dr. Miner cleared the Plaintiff to work under a voluntary light duty status as provided by the collective bargaining agreement. (See attached Exhibit E) Defendant Chief Mason refused to permit Plaintiff to return to work in that status.

25. On June 8, 2003 Plaintiff was once again required to petition the Sick Bank Board for additional sick days to carry her through to see a hand surgeon on June 20, 2003. (See Attached Exhibit F) The Defendant Chief had ordered her to be examined by the hand surgeon.

26. The Defendants' actions constitute a violation of M. G. L. c. 41 §111F and a breach of the Plaintiff's contractual rights as established by the current collective bargaining agreement.

27. In or about June 2003 Ms. Jones was told that she could not drive a police cruiser by herself because she was not "cruiser qualified". Male officers with less experience

were deemed "cruiser qualified" and allowed to operate a cruiser by themselves. Prior to that time the Town never had any policy regarding "cruiser qualification", did not offer any special training in the operation of police cruisers, and had not applied any such qualification to male officers. Plaintiff asked several times why she was not cruiser qualified, but received no answer.

28. On June 17, 2003 Defendant Mason requested that the Board of Selectmen of the Town of Harwich fire Ms. Jones. He cited an alleged abuse of sick leave and an alleged issue with payment for a detail. On June 18, 2003 the Selectmen fired her.

29. Ms. Jones' use of sick leave has not been excessive. The injury to her hand was documented by the physician selected by the Town. The Town has taken no action against male police officers with injuries nor has it taken any action against male police officers who have used far more sick leave.

30. The issue regarding detail pay involves a detail that was cancelled with notice shorter than that permitted by contract. Pursuant to that contract Ms. Jones and any other police officer is entitled to a minimum of four hours pay for a detail that is cancelled at the last minute. No male has been disciplined in any similar situation, and the male officer scheduled for the same detail was paid without question. He was not investigated or punished.

31. Ms. Jones was taken off of bike patrol and told that she "was not qualified" to be on bike patrol. Other male special police officers continued to patrol on their own.

32. The actions of the Defendants constitute an on going pattern of discrimination against Ms. Jones based upon her gender. Those actions have caused Plaintiff severe

emotional distress, resulted in her being fired, have tarnished her reputation, and have precluded her from finding other work as a police officer.

### First Cause of Action

33. Plaintiff realleges and incorporates herein paragraphs one through thirty-two above.

34. Defendants' actions constitute discrimination in employment based upon the gender of Ms. Jones in violation of M.G.L. c. 151B.

### Second Cause of Action

35. Plaintiff realleges and incorporates herein paragraphs one through thirty-four above.

36. Defendant William Mason has aided and abetted the Town of Harwich's sexual discrimination, thereby violating the provisions of M.G.L. c. 151B.

### Third Cause of Action

37. Plaintiff realleges and incorporates herein paragraphs one through thirty-five above.

38. Defendants have unlawfully denied plaintiff the right to receive benefits under M.G.L. c. 111F, and have terminated her employment for the attempted exercise of those rights.

### Fourth Cause of Action

39. Plaintiff realleges and incorporates herein paragraphs one through thirty-eight above.

40. Defendants have, by threats, intimidation, coercion and harassment, interfered with and attempted to interfere with the Plaintiff's First Amendment rights and her rights

under M.G.L. c. 41 §111F, all in violation of the Massachusetts Civil Rights Act, M.G.L. c.12, §11I.

### Fifth Cause of Action

41. Plaintiff realleges and incorporates herein paragraphs one through forty above.

42. Defendants Mason has retaliated against plaintiff for the exercise of her First Amendment rights, all in violation of 42 U.S.C. §1983.

## JURY DEMAND

Plaintiff demands trial by jury on all issues

WHEREFORE, Plaintiff prays for judgment in her favor and that court award her the following:

1. That Plaintiff be reinstated to her prior employment.
2. That Defendants be ordered to appoint Plaintiff as a police officer.
3. That defendants be ordered to pay Plaintiff pursuant to the provisions of M.G.L. c. 41 §111F for all lost work that she missed as a result of the injury she suffered on April 15, 2003.
4. That the Defendants, their agents, servants or employees, be ordered and directed to correct the Plaintiff's personnel records to show that the accumulated sick leave benefits used for her pay while she was disabled from work was erroneously used.
5. That the defendants, their agents, servants, or employees be ordered and directed to correct their records to show that the payment for her disability was paid under the statutory provisions of M.G.L. c. 41 § 111F.
6. That the Defendants be ordered to pay Plaintiff fair and reasonable compensation for her emotional distress.

7. That the Defendants be ordered to pay Plaintiff compensation for her consequential damages.

8. That the Defendants be ordered to pay Plaintiff punitive damages for violation of her rights under M.G.L. c. 151B, the Massachusetts Civil Rights Act and 42 U.S.C. §1983.

9. That the Defendant be ordered to pay Plaintiff her reasonable attorneys fees.

10. For such other and further relief as this court may deem just and proper.

Respectfully submitted
By Plaintiff's Attorney,

LAW OFFICES OF TIMOTHY M. BURKE

Brian Rogal, Esq., BBO #424920
160 Gould Street, Suite 111
Needham, MA 02494
(781) 455-0707

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   TORT — CONTRACT —
MOTOR VEHICLE TORT      EQUITABLE RELIEF     OTHERS)

# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT
BARNSTABLE, ss
FILED DEC 2 4 20__
_____ Clerk

No. BACV2003-00744-A

Carolyn E. Jones

VS.

William A. Mason, Chief of Police,
Harwich Police Department and Town
of Harwich

## SUMMONS

To the above-named defendant : William A. Mason, Chief of Police, Harwich Police Dept.

You are hereby summoned and required to serve upon ....Brian..Rogal.................................................................

................................................................................................................. plaintiff's attorney, whose address is

 160 Gould Street, Suite 111, Needham, MA 02494 ......................................., an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO Esquire, at Barnstable, the ......15th..............................

day of ...December........................, in the year of our Lord two thousand and ......three..................

_____ Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT**
You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

Commonwealth of Massachusetts

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:   CONTRACT   TORT
                            MOTOR VEHICLE TORT         EQUITABLE RELIEF    SUPERIOR COURT

# Commonwealth of Massachusetts

BARNSTABLE, ss.

*FILED DEC 2 3 2003*
*BARNSTABLE SS*
*SUPERIOR COURT*
*No. BACV2003-00*

Carolyn E. Jones

VS.

William A. Mason, Chief of Police,
Harwich Police Department and
Town of Harwich

### SUMMONS

To the above-named defendant  :  Town of Harwich

You are hereby summoned and required to serve upon ...... Brian Rogal ......

.................... plaintiff's attorney, whose address is

160 Gould Street, Suite 111, Needham, MA 02494 ....................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Barnstable either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,** SUZANNE V. DEL VECCHIO **Esquire, at Barnstable, the** 15th

day of ...... December ......, in the year of our Lord two thousand and ...... three ......

*[signature]* Clerk

**NOTE:** When more than one defendant is involved, the names of all defendants shall appear in the caption. If a separate summons is issued for each defendant, each should be addressed to the particular defendant.

**NOTICE TO DEFENDANT**

You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.