UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN E. JONES,<br>    Plaintiff<br><br>v.<br><br>WILLIAM A. MASON, CHIEF OF POLICE, HARWICH POLICE DEPARTMENT, and the TOWN OF HARWICH,<br>    Defendants | Civil Action No.<br>04-10133-MEL |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S "STATEMENT OF CONTESTED FACTS AND STATEMENT OF ADDITIONAL UNCONTESTED FACTS" IN WHOLE OR IN PART AND MOTION FOR DECLARATION THAT MATERIAL FACTS SET FORTH IN DEFENDANTS' LOCAL RULE 56.1 STATEMENT ARE, FOR PURPOSES OF SUMMARY JUDGMENT, DEEMED ADMITTED BY PLAINTIFF**

Defendants Town of Harwich and William A. Mason move the court to strike, in whole or in part, plaintiff's "Statement of Contested Facts and Statement of Uncontested Facts Pursuant to Local Rule 56.1" (hereafter "plaintiff's statement") for failure to comply with D.Mass.Loc.R. 56.1 (hereafter "L.R. 56.1"). Defendants also move the court to declare that the material facts set forth in defendants' L.R. 56.1 statement have, for the purposes of summary judgment, been admitted by plaintiff. This motion is supported by the brief memorandum below.

Argument

L.R. 56.1 requires that:

- 1 -

> Opposition to motions for summary judgment…include a concise statement of facts of record as to which it is contended there exists a genuine issue to be tried, with page references to affidavits, depositions, and other documentation…Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties.

Rules such as L.R. 56.1 "were developed…in response to…[the] concern that, absent such rules, summary judgment practice could too easily become a game of cat-and-mouse, giving rise to the specter of district court judges being unfairly sandbagged by unadvertised factual issues." Gosselin v. Webb, 242 F.3d 412, 415, fn.2 (1st Cir. 2001)(citations and internal quotations omitted).  L.R. 56.1 "has teeth, and can be dispositive; parties ignore [it] 'at their own peril.'" Barry v. Wing Memorial Hosp., 142 F.Supp.2d 161, 163, fn.1 (D.Mass. 2001)(Ponsor, J.)(citations omitted).  "The failure to comply adequately with Local Rule 56.1 may constitute grounds for a determination that the moving party's statement of facts is admitted." Jean v. U.S., 2002 WL 31399129, *1, fn.1 (D.Mass. 2002)(Woodlock, J.)(citations omitted).

In the case at bar, plaintiff's statement violates L.R. 56.1 in several ways.  These violations render plaintiff's statement unreliable, prejudicial, and not useful for the purpose of summary judgment.

First, plaintiff's statement fails repeatedly to provide citations to "affidavits, depositions, or other documentation."  Paragraphs four, six, 12, 14, 15, 17, 18, 19, 22, 24, 26, 42, and 43 contain no citations.  Paragraphs three, eight, and nine contain no citations for their final sentences.

Where plaintiff's statement does provide citations, the citations are often incomplete. Citations to alleged statements of fact in paragraphs one, five, ten, 25, 27, 29, 30, 31, 33, 34, 35, 37, 44, and 45 are without "page references" as required by the rule.[1]

---

[1] See G.E. Capital Healthcare v. Fall River Walk-In Emergency, 2004 WL 40522, *1 (D.Mass. 2004)(Lindsay, J.)(citations and internal quotations omitted):
> The defendants' opposition does not comport with Local Rule 56.1. While the memorandum supporting the opposition includes a section entitled "Facts," this section does not contain a concise statement of the material facts in dispute; nor does it include page references to affidavits, depositions or other evidence in the record. Instead, the defendants' ten-page narrative is rife with bald assertions entirely lacking in

In addition, plaintiff's statement fails to differentiate between allegedly contested and allegedly uncontested facts.[2]

Finally, plaintiff's statement is replete with conclusions of law and evaluative assertions. Plaintiff's Statement at ¶17 ("Despite the hornbook rule that questions of arbitrability are for the arbitrator, the Town asked a superior court judge to enjoin this arbitration"); ¶28 ("She was vocal and outspoken with the Chief"); ¶6 ("Thus he had ample time to get to know Ms. Jones and observe her performance"); ¶9 ("Ms. Jones was hesitant at first").[3]

---

factual support. Because the defendants' opposition fails properly to controvert the plaintiff's statement of undisputed facts, [m]aterial facts of record set forth in [GE's statement] will be deemed for purposes of the motion to be admitted.

[2] See Barry v. Wing Memorial Hosp., 142 F.Supp.2d at 163 ("As a matter of necessity, district courts require the parties' assistance in sorting through the factual issues at play in a summary judgment motion…A party must provide a roadmap for the court.")(citations omitted).

[3] See Change the Climate, Inc. v. MBTA, 202 F.R.D. 43, 53 (D.Mass. 2001)(Keeton, J.)("'Facts' means historical facts, not mixed-law fact assertions and not evaluative determinations. A statement of undisputed facts is not in compliance with the requirements of Federal Rule 56 and Local Rule 56.1 if it fails to separate the assertions of undisputed historical facts from mixed law-fact assertions and evaluative assertions.")

Plaintiff's failure to comply with L.R. 56.1 renders the statement, as stated above, prejudicial and unreliable.  Defendants move the court to strike plaintiff's statement in whole or in part and to deem the material facts of record set forth by defendants in their L.R. 56.1 statement admitted by plaintiff.

## Conclusion

For the reasons stated above, defendants move the court to: 1.) strike plaintiff's L.R. 56.1 statement in whole or in part; 2.) enter an order declaring that, for the purposes of summary judgment, plaintiff has admitted the material facts of record set forth in defendants' L.R. 56.1 statement; 3.) order any other relief the court deems just.

                                      Respectfully submitted,
                                      Defendants Town of
                                      Harwich and William A. Mason,
                                      By their attorneys,


                                      _____
                                      Michael C. Gilman,
                                      BBO# 192820
                                      Robert J. Van Campen,
                                      BBO#648638
                                      Eugene J. Sullivan III,
                                      BBO#656497
                                      GILMAN/ HOLTZ, P.C.
                                      25 New Chardon Street
                                      Boston, MA 02114
Dated:                              (617) 720-2663

## LOCAL RULE 7.1(A)(2) CERTIFICATION

  Above-signed counsel certify that they have conferred with plaintiff's counsel prior to filing this motion and have made a good faith attempt to resolve or narrow the issues.