**E N D O R S E M E N T**

CAROLYN E. JONES v. WILLIAM H. MASON, CHIEF OF POLICE; HARWICH POLICE DEPARTMENT; and THE TOWN OF HARWICH
04-CV-10133-MEL

LASKER, D.J.

   Carolyn E. Jones ("Jones") sues her former employers, the Harwich Police Department and Town of Harwich, and William A. Mason ("Mason"), the Chief of the Harwich Police Department, alleging employment discrimination in violation of M.G.L. c. 151B (Count I); aiding and abetting sex discrimination in violation of M.G.L. c. 151B (Count II); unlawful denial of benefits in violation of M.G.L. c. 41 § 111F, and unlawful termination for the attempted exercise of her right to benefits (Count III); interference by threats, intimidation, and violence with First Amendment rights under M.G.L. c. 41 § 111F, in violation of the Massachusetts Civil Rights Act ("MCRA"), M.G.L. c. 12 § 11I (Count IV); and retaliation for exercise of First Amendment Rights in violation of 42 U.S.C. § 1983 (Count V).  The defendants now move to strike the plaintiff's "Statement of Contested Facts and Statement of Additional Uncontested Facts", and for partial summary judgment on Counts I, II, IV, and V of the Complaint.  The motions are disposed of as follows.

   The motion to strike the plaintiff's statement of facts is DENIED.  Courts should avoid unduly harsh enforcement of procedural rules, particularly where such enforcement materially prejudices one party's case. Lavalley v. Quebecor World Book Services LLC, 315 F.Supp.2d 136, 142 (D. Mass. 2004).  Although some paragraphs in Jones' statement of facts lack page references or citations to affidavits, depositions, or other documentation, this does not render the plaintiff's statement sufficiently unreliable or prejudicial to be struck, nor provide grounds for declaring the facts set forth in the defendants' statement to be admitted by the plaintiff for the purposes of summary judgment.

   Summary judgment is rarely granted in cases alleging discrimination because the ultimate question of the defendant's motivation or intent is often a question of fact. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437 (1995).  Jones alleges three adverse employment actions based upon gender discrimination: the police department's failure to hire her as a full-time officer, failure to train her to be "cruiser qualified," and her termination.  Jones sets forth facts sufficient to support a prima facie case and sustain her gender discrimination claims under M.G.L. c. 151B for each of these

1

three adverse actions.

First, with respect to her non-hire as a full-time officer, the defendants argue that Jones cannot make out a prima facie case because she never applied for a full-time position. However, although Jones acknowledges that she never filled out the requisite application or took the examination for one of the four new officer positions, she does allege that the three upgraded officer positions were filled by male special police officers who were promoted without undergoing the application and examination process. In other words, Jones "applied" for such positions by virtue of being an special police officer available to be considered for promotion.

Second, with respect to "cruiser qualification", the defendants argue that Jones cannot make out a prima facie case because she cannot show that similarly qualified individuals were allowed to drive the cruisers while she was not. However, Jones has alleged facts sufficient to show that prior to the change in policy which mandated that all special police officers would no longer be allowed to train to become cruiser qualified, she was denied the opportunity to become cruiser qualified, which male special police officers were granted.

Third, with respect to Jones' termination, the defendants argue that there was a legitimate non-discriminatory reason for her termination, specifically that she was not performing her job adequately. The defendants point to Jones' efforts to be paid for a detail which she did not work, her failure to disclose an injury, and her alleged abuse of sick leave, as evidence of her inadequate performance. However, Jones contends that these reasons are pretextual, noting that a male officer who failed to work the same shift was paid for four hours work and not disciplined, and that other officers who received pay for time that they did not work were disciplined but not discharged. Jones also asserts that officers routinely use holidays rather than taking sick leave in order to receive their sick leave bonus, and that male officers who falsified sick leave were discipline but not terminated.

Therefore, Jones presents evidence sufficient to make out a prima facie case for each of the three alleged adverse employment actions, as well as evidence to create an inference of discrimination by the defendants. Accordingly, summary judgment on Counts I and II is DENIED.

To establish a claim that her First Amendment right to freedom of speech has been violated, Jones must show that: (1)

her expression involved matters of public concern, (2) her interest in commenting upon those matters outweighed the city's interest in the efficient performance of its public services, and (3) her protected speech was a substantial or motivating factor in the city's adverse employment actions. Mullin v. Town of Fairhaven, 284 F.3d 31, 37-38 (1st Cir. 2002). If the plaintiff can make this showing, the burden of persuasion shifts to the defendant to prove by a preponderance of the evidence that the plaintiff would have been removed even absent the protected conduct. Id. To determine whether an employee's speech implicates public concerns, a court must analyze the content, form, and context of the speech. Connick v. Myers, 461 U.S. 138 147-48 (1983). This determination may require examining the employee's motivations for the speech, and the extent to which the speech was intended to contribute to a public discourse or was simply a reflection of personal concerns. Alinovi v. Worcester Sch. Comm., 777 F.2d 776, 787 (1st Cir. 1985); O'Connor, 994 F.2d 905, 914 (1993). Therefore, whether Jones' speech involved matters of public concern and was a substantial factor in her termination, and whether she would have been removed even absent her protected conduct, are fact-based inquiries not appropriate in a summary judgment motion. Accordingly, summary judgment on Count IV is DENIED.

Under 42 U.S.C. § 1983, a government employee is entitled to qualified immunity from civil liability if a reasonable official could believe, albeit mistakenly, that his conduct did not violate a constitutional right. This is an objective test, and qualified immunity exists even where the right invoked by the plaintiff is well-established, so long as the government official could reasonably have believed on the facts that no violation was committed. Dirrane v. Brookline Police Dept., 315 F.3d 65, 69 (1st Cir. 2002). The present case does not present a situation where a reasonable official must have known that he was acting unconstitutionally. A government employee's speech must touch on matters of public concern to be constitutionally protected, and speech of public concern is not a clearly defined category. Moreover, because the free speech right of a government employee must be balanced against the government's interests in efficiently providing services, it is difficult if not impossible for officials to know when they have violated a clearly established constitutional right. Frazier v. Bailey, 957 F.2d 920, 931 (1992). Therefore, Mason is granted qualified immunity against the § 1983 claim, and summary judgment on Count V is GRANTED.

Accordingly, the defendants' motion to strike plaintiff's statement of facts is DENIED; the defendants' motion

for summary judgment is DENIED with respect to Counts I, II, and IV and GRANTED with respect to Count V.

    It is so ordered.


Dated:    February 3, 2005
         Boston, Massachusetts    <u>/s/ Morris E. Lasker</u>
                                              U.S.D.J.